# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GIBSON,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES HEARTLY, et al.,<br><br>    Defendants. | CASE NO. 1:11-cv-02129-GBC (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>Doc. 12 |

**I. Procedural History, Screening Requirement, and Standard**

On December 8, 2011, Plaintiff Lawrence Gibson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, seeking to have the prison classify him as handicapped and grant him ADA status. Doc. 1. On September 18, 2012, the Court issued a screening order, dismissing Plaintiff's complaint, with leave to amend. Doc. 9. On October 29, 2012, Plaintiff filed an amended complaint. Doc. 12.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1    claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2        A complaint must contain "a short and plain statement of the claim showing that the pleader
3    is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
4    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
5    do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*,
6    550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I*
7    *v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted
8    as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

9        While prisoners proceeding pro se in civil rights actions are still entitled to have their
10   pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is
11   now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must
12   demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.*
13   *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations
14   sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*,
15   572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this
16   plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

17       Section 1983 provides a cause of action for the violation of constitutional or other federal
18   rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971
19   (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link
20   between the violation of his rights and an action or omission of the defendant. *Iqbal*, 556 U.S. at
21   678-79; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554,
22   570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may
23   only be held liable for misconduct directly attributed to him or her. *Iqbal*, 556 U.S. at 677-79; *Ewing*
24   *v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

25                           **II. Plaintiff's Amended Complaint**

26       In Plaintiff's amended complaint, he names two defendants, James Heartly, Warden for
27   Avenal State Prison, and Blackwell, M.D. Am. Compl at 2-3, Doc. 12.

28       In Plaintiff's complaint, he notified the Court that he previously filed this case and it was

dismissed in May 2011, without prejudice, for failure to exhaust administrative remedies. *See* Compl. at 1, Doc. 1; *see also Gibson v. State of California*, 1:11-cv-00246-OWW-JLT. Although Plaintiff alleges the prison denied his grievance, it appears that his appeal was rejected out for failure to submit a CDC disability form. *See* Compl. at 2, 10, Doc. 1.[1]

Plaintiff states ADA is a medical classification in prison that defines a prisoner as handicapped. Am. Compl at 3, Doc. 12. A handicapped prisoner is not expected to work and is housed on separate medical yard. *Id.* Plaintiff has provided prima facie proof of handicap. *Id.* Dr. Blackwell has refused to classify him as handicapped since 2010. *Id.* Plaintiff is unable to perform physical work and has no access to medical yard. *Id.* Plaintiff attaches medical records, his inmate appeals, and a letter from 2010 stating that Plaintiff is receiving disability benefits from the VA. *Id.* at 4-12.

For relief, Plaintiff seeks to have the prison classify him as handicapped and grant him ADA status. *Id.* at 3.

//
//
//
//
//
//

---

[1] It appears that Plaintiff may not have properly exhausted his claims prior to initiating this action. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules," *id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* "[A] district court must dismiss a case without prejudice 'when there is no pre-suit exhaustion,' even if there is exhaustion while suit is pending." *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005), cert. denied, 549 U.S. 1204 (2007) (quoting *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) (per curiam)).Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by the defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Therefore, whether Plaintiff properly exhausted his claims is not currently before this Court.

### III. Legal Standard and Analysis for Plaintiff's Claims

### A. Eighth Amendment Deliberate Indifference to Serious Medical Need and Supervisory Liability and Linkage

#### 1. Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d at 1205-08; *Corales*, 567 F.3d at 570; *Preschooler II*

*v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff may not seek to impose liability on defendants merely upon position of authority, based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

## 2. Analysis

Plaintiff fails to state a cognizable Eighth Amendment claim. Plaintiff alleges he is unable to perform physical work, has no access to a medical yard, and Dr. Blackwell has refused to classify him as handicapped since 2010. Plaintiff's allegations fail to meet the two part standard under *Jett*, and *McGuckin*. The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin*, 974 F.2d at 1050. Plaintiff states they have not classified him as handicapped, but he does not show how this is a serious medical need. He only makes vague allegations regarding physical work and medical yard. In addition, Plaintiff fails to show that any defendant was deliberately indifferent.

Neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care, nor a difference of opinion over proper treatment, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir. 1984). Moreover, <u>the Constitution does not require that prison doctors give inmates every medical treatment they desire</u>. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977) (emphasis added). To establish a constitutional right to treatment under the Eighth Amendment, an inmate must show that a physician or other health care provider exercising ordinary skill and care

at the time of observation would conclude with reasonable medical certainty that: (1) the prisoner's symptoms evidenced a serious disease or injury; (2) the disease or injury was curable or could be substantially alleviated; and (3) the potential for harm to the prisoner by reason of delay or denial of care would be substantial. *Id.* "The courts will not intervene upon allegations of mere negligence, mistake or <u>difference of opinion</u>." *Id.* at 48; *see also Sanchez*, 891 F.2d at 242 (emphasis added).

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer*, 511 U.S. at 835-36 & n.4; *Wood*, 900 F.2d at 1334 (gross negligence insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care (and the Fourteenth Amendment's right to due process applies to jail medical care); however, an Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition.

Plaintiff alleges that defendants have refused to classify him as handicapped and grant him ADA status. Plaintiff is not permitted to dictate his medical treatment. *Bowring*, 551 F.2d at 47-48. <u>As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs</u>. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added).

Plaintiff failed to link a named defendant to his allegations of deliberate indifference to medical need. Plaintiff failed to state that a named defendant actually knew and disregarded Plaintiff's serious medical need pursuant to *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21; *Ewing*, 588 F.3d at 1235; and *Jones*, 297 F.3d at 934.

Plaintiff names James Heartly, Warden for Avenal State Prison. Plaintiff's allegations are insufficient to hold a defendant liable based on a position of authority as Plaintiff has not alleged any facts linking the defendant to acts or omissions, which suggest that the defendant participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 556 U.S. at 676;

1    *Ewing*, 588 F.3d at 1235. Plaintiff fails to state a cognizable claim for relief under § 1983 against
2    James Heartly, Warden for Avenal State Prison, based upon supervisory liability.

3          Thus, even with liberal construction, Plaintiff's complaint does not allege deliberate
4    indifference to a medical need because neither mere negligence or medical malpractice, nor a mere
5    delay in medical care, <u>nor a difference of opinion over proper treatment</u>, constitutes an Eighth
6    Amendment violation. *See Estelle*, 429 U.S. at 105-06 (emphasis added); *Sanchez*, 891 F.2d at 242;
7    *Shapley*, 766 F.2d at 407. Moreover, the Constitution does not require that prison doctors give
8    inmates every medical treatment they desire. *Bowring*, 551 F.2d at 47-48. The complaint will be
9    dismissed for failure to state a claim upon which relief may be granted.

### B. ADA Claim

11         Plaintiff mentions the American with Disabilities Act, which "prohibit[s] discrimination on
12   the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a
13   violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a
14   disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard
15   to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was
16   by reason of [his] disability." *Lovell*, 303 F.3d at 1052.

17         The treatment, or lack of treatment, concerning a medical condition does not provide a basis
18   upon which to impose liability under the ADA. *Burger v. Bloomberg*, 418 F.3d 882, 882 (8th Cir.
19   2005) (medical treatment decisions not a basis for RA or ADA claims); *Schiavo ex rel. Schindler*
20   *v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment
21   decisions); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) (medical
22   decisions not ordinarily within scope of ADA or RA); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir.
23   1996) ("The ADA does not create a remedy for medical malpractice."). Further, Plaintiff may name
24   the appropriate entity or state officials in their official capacities, but he may not name individual
25   prison employees in their personal capacities; individual liability is precluded under the ADA.
26   *Shaughnessy v. Hawaii*, No. 09-00569-JMS-BMK, 2010 WL 2573355, at *8 (D. Haw. Jun. 24,
27   2010); *Anaya v. Campbell*, No. CIV-S-07-0029-GEB-GGH-P, 2009 WL 3763798, at *5-6 (E.D. Cal.
28   Nov. 9, 2009); *Roundtree v. Adams*, No. 1:01-CV-06502-OWW-LJO, 2005 WL 3284405, at *8

(E.D. Cal. Dec. 1, 2005).

Plaintiff has not alleged the elements of an ADA claim. He has not alleged that he was intentionally discriminated against based on any disability, he vaguely alleges denial of physical work and medical yard, and he names only individual defendants. For all of these reasons, Plaintiff fails to state a claim for violation of the ADA.

### IV. Conclusion and Order

Plaintiff's amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in his claims and granted leave to amend, but he was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the Court finds that further leave to amend is not warranted.

Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the Court HEREBY ORDERS that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983.

IT IS SO ORDERED.

Dated:   December 17, 2012                                   _____
                                                             UNITED STATES MAGISTRATE JUDGE